IN THE CIRCUIT COURT OF THE 9TH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

**CAROLE RIDDLE**,

    Plaintiff,

v.

**LAKESIDE AT WINTER PARK, LLC**,

    Defendant.

_____/

CASE NO:

## COMPLAINT

**COMES NOW**, the Plaintiff, **CAROLE RIDDLE**, by and through the undersigned counsel, sues the Defendant, **LAKESIDE AT WINTER PARK, LLC**, and alleges as follows:

### JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

1. This is an action in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and within the jurisdiction of this Court.

2. At all times material hereto, upon information and belief, the Plaintiff, **CAROLE RIDDLE**, was and still is a resident of Buncombe County County, North Carolina, and is *sui juris*.

3. That all times material hereto, upon information and belief, the Defendant, **LAKESIDE AT WINTER PARK, LLC**, was and still is a Foreign Limited Liability Company authorized and doing business in the State of Florida, that:

    a. owned a residential apartment premises located at 3935 Sutton Place Blvd, Winter Park, FL 32792;

    b. maintained a residential apartment premises located at 3935 Sutton Place Blvd, Winter Park, FL 32792;

    c. managed a residential apartment premises located at 3935 Sutton Place Blvd, Winter Park, FL 32792;

    d. possessed a residential apartment premises located at 3935 Sutton Place Blvd, Winter Park, FL 32792; and/or

    e. exercised control over a residential apartment premises located at 3935 Sutton Place Blvd, Winter Park, FL 32792;

4. Venue is proper in Orange County, Florida because the cause of action accrued in Orange County, Florida.

5. That on or about August 10, 2019, the Plaintiff, **CAROLE RIDDLE**, was an invitee present on the residential apartment premises located at 3935 Sutton Place Blvd, Winter Park, FL 32792.

6. That Plaintiff accompanied her son to the laundry room located at the premises of the apartment complex formerly known as Lakeside at Winter Park.

7. While exiting the laundry room, Plaintiff stepped onto a concrete ramp which was placed in front of the entry/exit of said laundry room.

8. That the concrete ramp was not secured to the ground in any fashion.

9. That when Plaintiff stepped on the unsecured concrete ramp, it moved, causing Plaintiff to lose her balance.

10. That there were no warnings of the condition of the unsecured, dangerous ramp.

11. That as a result of losing her balance, due to the unsecured ramp located at the entry/exit of the laundry room, she was caused to fall.

12. That as a result of her fall, Plaintiff sustained serious and permanent bodily injuries.

### COUNT I - NEGLIGENCE AGAINST LAKESIDE AT WINTER PARK, LLC

13. The Plaintiff, **CAROLE RIDDLE**, adopts and re-alleges paragraphs 1–12, as if they were reproduced herein, and further alleges:

14. That at the time the Plaintiff was injured, Defendant, **LAKESIDE AT WINTER PARK, LLC**, owed the Plaintiff a legal duty of reasonable care in maintaining the the premises of the residential apartment in a reasonably safe condition, free from defects that might foreseeably give rise to injury or damage to the Plaintiff.

15. Moreover, Defendant, **Lakeside at Winter Park, LLC**, had a legal duty to warn the Plaintiff of any defects or unreasonably dangerous conditions on the Defendant's premises.

16. Nevertheless, Defendant, by and through its agents, servants, and/or employees breached the aforesaid duty to Plaintiff **CAROLE RIDDLE** by the following:

   a. carelessly and negligently failing to exercise reasonable care with respect to the installation, setup, and/or maintenance of the ramp at the ingress/egress of the laundry facility;

   b. carelessly and negligently failing to inspect the ramp at the ingress/egress of the laundry facility;

   c. failing to adequately train its agents, servants, employees, and/or representatives to inspect the ramp at the ingress/egress of the laundry facility;

   d. failing to implement procedures requiring its agents, servants, employees, and/or representatives to report possible unsafe conditions;

e. failing to provide warning of the dangerous condition: the unsecured ramp at the ramp at the ingress/egress of the laundry facility;

17. That as a direct and proximate result of the negligence of Defendant, **LAKESIDE AT WINTER PARK, LLC**, the Plaintiff, **CAROLE RIDDLE**, was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future; suffered loss for the capacity for the enjoyment of life and/or incurred medical expenses for the care and treatment of her injuries. Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future.

**WHEREFORE**, the Plaintiff, **CAROLE RIDDLE**, prays for entry of a judgment against the Defendant, **LAKESIDE AT WINTER PARK, LLC**, in an amount in excess of Fifty Thousand ($50,000.00) dollars, plus costs, and the Plaintiff further demand trial by jury of all issues in this cause so triable as a matter of right.

>	**FENSTERSHEIB LAW GROUP, P.A.**
>	*Attorneys for Plaintiff*
>	520 West Hallandale Beach Blvd.
>	Hallandale Beach, Florida 33009
>	Telephone: (954) 456-2488
>	Facsimile:  (954) 867-1844
>
>	**/s/ Michael J. Lariosa**
>	Michael J. Lariosa, Esquire
>	Florida Bar No: 98644
>	**Email Addresses for service Pursuant to Fla. R. Jud. Admin 2.516**
>	Primary: MJL@fenstersheib.com
>	Secondary:  MJL-Pleadings@fenstersheib.com

5